STATE OF NORTH CAROLINA v. RODGER HAROLD GOODMAN

No. 7719SC317

(Filed 5 October 1977)

1. **Criminal Law § 33.4— defendant's conversation outside courtroom — evidence not prejudicial**

    In a prosecution for receiving a stolen motorcycle, defendant was not prejudiced where the trial court allowed the thief's wife to testify that she had a conversation with defendant in the hall outside the courtroom during trial wherein defendant said he was going to "plead innocence" to protect himself, and that he still liked the thief and that he would not use any more against him than he had to.

2. **Criminal Law § 89.2— corroborating evidence— admissibility**

    In a prosecution for receiving a stolen motorcycle, the trial court did not err in allowing witnesses to testify as to statements made to them by the thief regarding the theft of the motorcycle and the receiving thereof, since the court in each instance instructed the jury that it could consider the testimony only for the purpose of corroborating the thief, if in fact it did corroborate him.

APPEAL by defendant from *Wood, Judge.* Judgment entered 2 December 1976 in Superior Court, ROWAN County. Heard in the Court of Appeals 20 September 1977.

Criminal prosecution on a bill of indictment, proper in form, charging the defendant, Rodger Harold Goodman, with feloniously receiving a 1974 Honda 450 motorcycle which had been stolen by Charles Willis and Wayne Nash from Eva Trexler having a value of $1,250.00.

Upon the defendant's plea of not guilty, the state offered evidence tending to show the following:

---

State v. Goodman

---

On 28 July 1976 Eva Trexler's 1974 Honda 450 motorcycle having a value of $1,250.00 was stolen from her residence. Several days before the motorcycle was stolen Charles Willis had a conversation with defendant during which defendant stated that he would buy a Honda 350 from Willis even if defendant knew the motorcycle was hot. Pursuant to this conversation Charles Willis and Wayne Nash stole the Trexler motorcycle on 28 July 1976. Willis drove the motorcycle to defendant's residence and defendant told Willis to stash the motorcycle for several days until he could get some money. Willis then hid the motorcycle in the woods. A couple of days later, under instructions from defendant, Willis drove the motorcycle to defendant's mother's house and parked the motorcycle in the basement of the house. The next day defendant gave Willis a check for $50 with the notation "for loan on a motorcycle." Several days later defendant told Willis that the law had been looking for the motorcycle and asked Willis to get rid of it. Willis then took the motorcycle to High Rock Dam and pushed it into the water.

Defendant offered evidence tending to show that Charles Willis came to him to borrow some money, that he loaned Willis $50 and took the motorcycle as collateral, that he later stopped payment on the check he gave to Willis, that he returned the motorcycle to Willis and that he was not involved in either the theft or the receiving of the motorcycle.

The defendant was found guilty as charged, and from a judgment imposing a prison sentence of 4 years, he appealed.

*Attorney General Edmisten by Assistant Attorney Daniel C. Oakley for the State.*

*Robert M. Davis for defendant appellant.*

HEDRICK; Judge.

[1] Based on exceptions duly noted in the record the defendant first contends the court erred in allowing Charles Willis' wife to testify that she had a conversation with the defendant in the hall outside the courtroom during the trial wherein the defendant said he was going to "plead innocence" to protect himself, and that he still liked "Chuck" and that he would not use any more against him than he had to. Defendant argues that this testimony was not relevant and its only purpose was to excite the prejudice of the jury against him. The testimony complained of merely reiterated the defendant's plea of not guilty. When the defendant testified he did exactly what he told Mrs. Willis he was going to do. While we must

say we do not understand why the state wanted to introduce the challenged testimony, we cannot say it was irrelevant. In any event its admission could not have been prejudicial to the defendant. Defendant's first assignment of error has no merit.

[2]  By assignments of error two, three and four the defendant contends the court erred in allowing Mrs. Willis, Bobby Wayne Nash and Officer Glenn Sides to testify as to statements made to them by Charles Willis regarding the theft of the motorcycle and the receiving thereof. In each instance the court instructed the jury that it could consider the testimony only for the purpose of corroborating Charles Willis, if, in fact, the testimony did corroborate Willis. Defendant simply argues the challenged testimony was inadmissible hearsay because it did not corroborate Willis' testimony. We disagree. The challenged testimony was substantially the same as that given by Willis, and it was for the jury to say whether it corroborated Willis' testimony. These assignments of error have no merit.

Defendant's fifth assignment of error is based on the court's denial of his motion for judgment as of nonsuit. The evidence was sufficient to require the submission of this case to the jury and to support the verdict.

Assignments of error seven through twelve relate to the court's instructions to the jury. We have carefully examined each exception upon which these assignments of error are based and find them to be without merit.

The defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and CLARK concur.